UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**VICTOR LAWRENCE BAXTER,**
**TDCJ-CID NO. 02418057,**

Petitioner,

v. **No. 4:25-cv-0134-P**

**DIRECTOR, TDCJ-CID,**

Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Victor Lawrence Baxter under 28 U.S.C. § 2254. The Court, having considered the petition (which was submitted in several parts[1]), the response, the reply (also submitted in a number of separate documents[2]), the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

Petitioner is serving a term of life imprisonment imposed following his conviction for murder under Case No. 1694289R in the 371st District Court of Tarrant County, Texas. ECF No. 31-1 at 3–5. The Second Court of Appeals affirmed his conviction and the Texas Court of Criminal Appeals ("CCA") denied his petition for discretionary review. *Baxter v. State*, No. 02-22-00258-CR, 2023 WL 8268292 (Tex. App.—Fort Worth Nov. 30, 2023, pet. ref'd). Petitioner filed a state habeas application, which was denied on the findings of the trial court and on the CCA's independent review. ECF No. 31-1 at 48.

The facts of the case are extensive and are set forth in the state appellate court's opinion, which need not be repeated here. In sum, Plaintiff began abusing his wife even before he married her; he pressured her into participating in a massage business and engaging in

---

[1] ECF Nos. 1, 2, 23.
[2] ECF Nos. 34–38.

sexual conduct with clients; ultimately, he strangled her. Petitioner modified, tampered with, or removed home security cameras after police left the scene. The State gave Petitioner access to all of the information extracted from electronic devices in the home. No evidence was withheld.

## GROUNDS OF THE PETITION

Petitioner asserts five grounds in support of his petition, primarily alleging prosecutorial misconduct and that he received ineffective assistance of counsel. In his fifth ground, he alleges that he is actually innocent. ECF No. 1; ECF No. 2; ECF No. 23.

## STANDARDS OF REVIEW

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*,

563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "Unreasonable" is a substantially higher threshold than "incorrect." *Wooten v. Thaler*, 598 F.3d 215, 222 (5th Cir. 2010).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**ANALYSIS**

In his first ground, Petitioner alleges that the prosecutor failed to provide the defense with the audio-video recordings from cameras in the massage room and living room of the home. ECF No. 1 at 5[3]; ECF No. 2 at 1–2. As part of his fourth ground, he alleges that the prosecutor has failed to respond to his requests for copies of three insurance policies that would show that Petitioner was the benefactor on the policies and Mary Baxter was the beneficiary. ECF No. 23 at 1.

To establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), a defendant must show that (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defendant; and, (3) the suppressed evidence was material to either guilt or punishment. *United States v. Runyon*, 290 F.3d 223, 245 (5th Cir. 2002). Evidence is material if there is a reasonable probability that the outcome would have been different if the suppressed evidence had been disclosed to the defendant. *Id.* Moreover, *Brady* does not oblige the government to provide evidence that a defendant could obtain from other sources by using reasonable diligence. *United States v. McKenzie*, 768 F.2d 602, 608 (5th Cir. 1985). When the evidence is equally available to the defense and prosecution, the defendant must bear responsibility for the failure to diligently seek its discovery. *Id.* The State is under no obligation to point the defense

[3] The page number references to the petition are to "Page __ of 18" reflected a the top right portion of the document on the Court's electronic filing system.

toward potentially exculpatory evidence when that evidence is in the possession of the defendant or can be discovered using due diligence. *Rector v. Johnson*, 120 F.3d 551, 558–59 (5th Cir. 1997). Nor is it obliged to make a complete and detailed accounting to the defendant of all investigatory work done. *Id.* at 560.

The first ground was raised in the state habeas petition and was the subject of extensive findings by the trial court. ECF No. 31-1, Ex. C at 28–35.[4] The trial court concluded that Petitioner had failed to meet his burden to demonstrate a failure to disclose exculpatory evidence. *Id.* at 40–41. Petitioner has not shown that he is entitled to relief.

The complaint about the alleged failure to produce the insurance policies does not appear to have been raised directly in the state habeas petition. Nevertheless, the record reflects that the insurance policies were introduced into evidence at trial. ECF No. 31 at 23 (citing record references). Since Petitioner claims to have been the benefactor, there is no reason he could not have obtained copies of the policies had they been relevant to his defense. *See Rector*, 120 F.3d at 558–59.

In his second ground, Petitioner complains that the State failed to have a histology test performed to determine the "age of [his] wife's injury." ECF No. 1 at 7. This ground was raised in the state habeas petition but the CCA refused to consider it because Petitioner failed to raise the issue at trial. ECF No. 31-1, Ex. C at 35–36, 41. Petitioner's procedural default bars him from pursuing relief here. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999) (Texas applies its contemporaneous objection rule strictly and regularly and it constitutes an independent and adequate state-law procedural ground sufficient to bar federal habeas review of a claim). He has made no attempt to show cause and prejudice so as to be allowed to pursue the issue.

In his third ground, Petitioner alleges that his counsel provided ineffective assistance in failing to get working audio/video from the

---

[4] The page number references to ECF No. 31-1 are to "Page __ of 68" reflected at the top right portion of the document on the Court's electronic filing system.

cameras in the massage room and dining room. ECF No. 1 at 8; ECF No. 2 at 2–3. This ground was raised in the state habeas application and the trial court again made extensive findings of fact. ECF No. 31-1, Ex. C at 36–38. Petitioner has not rebutted the presumed correctness of the fact findings by clear and convincing evidence. *Hill*, 210 F.3d at 486. Nor has he shown that the state courts' application of the *Strickland* standard, ECF No. 31-1 at 41–43, was unreasonable. *Harrington*, 562 U.S. at 101.

In his fourth ground, Petitioner alleges that the prosecutor committed perjury in her statements to the jury about various insurance policies. ECF No. 1 at 10; ECF No. 2 at 3. Again, the trial court made fact findings and Petitioner has not shown that they are incorrect. ECF No. 31-1, Ex. C at 38–40. And again, the court concluded that the claims were procedurally defaulted. *Id.* at 43–44. Moreover, the State's closing argument as to motive was proper as reasonable deduction from the evidence. *Id.* at 44. Petitioner has not met his burden of establishing entitlement to relief.

In his fifth ground, Petitioner alleges that he is actually innocent of murder based on "new evidence." ECF No. 23. As the Supreme Court has recognized, claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). There is no "new evidence" in any event as Petitioner relies on statements made during closing argument to support this claim.

## CONCLUSION

For the reasons discussed herein, all relief sought by Petitioner is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **3rd day** of **September 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE